NICHOLS (CAWOOD v.). See Case No. 2,-531.

---

## Case No. 10,241.

### NICHOLS v. EATON et al.

[3 Cliff. 595.] [1]

Circuit Court, D. Rhode Island. June Term, 1873.[2]

WILLS — CONSTRUCTION — APPLICATION OF TRUST-FUND—BANKRUPTCY OF CESTUI QUE TRUST—WHAT PASSES TO ASSIGNEE.

1. The proviso of a will bequeathing all the testator's property to certain trustees was as follows: "Provided also that, if my said sons respectively should alienate or dispose of the income to which they are respectively entitled under the preceding trusts; or if, by reason of the bankruptcy or insolvency of my said sons respectively, or by any other means whatsoever, the said income can no longer be personally enjoyed by my said sons respectively, but the same or any part thereof shall, or but for this present provision would, belong to, or become vested in or payable to, some other person or persons,—then the trusts hereinbefore expressed concerning the said income, or concerning so much thereof as should or would have so become vested in or payable to any other person or persons other than my said sons respectively as aforesaid, shall immediately thereupon cease and determine. And the same income shall be applied by my said trustees during all the then residue of the life of my said sons respectively in manner following, that is to say, upon trust to pay and apply the said income, or such part thereof as aforesaid. to and for the support and maintenance, or otherwise for the use and benefit, of the wife, child, or children, for the time being, of my said sons respectively, or such one or more of such wife, child, or children, and in such manner as my said trustees in their discretion shall think proper, and as to such wife for her sole and separate and inalienable use; and in default of any object of the last-mentioned trust at any period during the life of my said sons respectively, and when and so often as the same shall happen, then, upon trust, from time to time, so long as such vacancy or want of objects shall continue, to accumulate and invest the income aforesaid in augmentation of the principal or capital thereof in the nature of compound interest. with power of changing investments as hereinbefore expressed; and in case. at any time after my decease, such accumulation should cease to be lawful, then, upon trust, to apply the said annual produce and income, or such part thereof as may not legally be accumulated during said want of objects as aforesaid, in such and the like manner as the same would be applicable under the ulterior trusts of this my will." Held, such provision was valid and the life-interest given to the son ceased and determined at his bankruptcy.

2. Where trustees under a will have a discretion as to the manner of the application of the trust-fund for the benefit of a particular person. but no power to apply it otherwise than for his benefit during his life, his interest in case of bankruptcy passes to the assignee; but in this case the life estate was expressly determined by the act of bankruptcy.

3. Such a provision as above recited passes the income from the bankrupt into the control of the trustees. for the benefit, at the trustees' discretion, of the wife or children of one or more of the sons; and if these objects fail, the trustees are required to retain the income, to accumulate and pass, after the death of the sons, under the ulterior trusts of the will.

4. The will contained also the following provision: "And in case, after the cessation of said income as to my said sons respectively, otherwise than by death. as hereinbefore provided for, it shall be lawful for my said trustees, in their discretion, but without its being obligatory upon them, to pay or to apply for the use of my said sons respectively, or for the use of such of my said sons and his wife and family, so much and such part of the income to which my said sons respectively would have been entitled under the preceding trusts in case the forfeiture hereinbefore provided for had not happened." Held, under that clause no right vested in the bankrupt to any portion of the income which he could enforce in any court of law or in equity.

5. These words conferred upon the trustees a power to be exercised or not, at their discretion, and one which, if exercised, exonerated them from liability for not applying such portion of the income under the limitations of the clause first recited; but the first clause controlled their action as to the whole fund, unless a portion was withdrawn from those limitations by the exercise of the discretionary power given them.

6. Property in trust cannot pass to the assignee in bankruptcy where the will provides for an absolute cessor of the bankrupt's interest on the event of bankruptcy, if the will provides for the vesting of the interest in some other person.

Bill in equity brought to enforce a claim to certain interests alleged to have belonged to Amasa M. Eaton, a bankrupt, out of the estate of his mother Sarah B. Eaton, and which complainant [Charles A. Nichols] alleged were vested in him as assignee in bank-

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]
2 [Affirmed in 91 U. S. 716.]

ruptcy. On the 1st of May, 1864, Sarah B. Eaton of North Providence made her last will and testament, by which she devised all her estate, real and personal, to three trustees, who were invested with certain extraordinary powers and discretions. Most of the facts were admitted, or not the subject of controversy, and may be stated as follows: Mrs. Eaton at the date of her will was a widow having four children, three sons and one daughter, and it was agreed that the daughter died unmarried and without children, subsequent to the death of the mother and before her brother Amasa was adjudged a bankrupt. By her will, Mrs. Eaton devised her estate, real and personal, to three trustees, to pay the rents, profits, dividends, interests, and income of the trust property unto and equally among her four children for and during their respective natural lives and after their decease in trust for such of their children as should attain the age of twenty-one years or die under that age having lawful issue living at his, her, or their decease; and his, her, or their heirs and assigns, if more than one, as tenants in common, subject to the condition that "if any of my said children shall die without leaving any child who shall survive me, and shall attain the age of twenty-one years, or die under that age leaving lawful issue living at his or her decease, then as to the share or respective shares, as well original as accruing, of such child or children respectively, upon the trusts herein declared concerning the other share or respective shares." Claim was made by the complainant as assignee in bankruptcy of Amasa M. Eaton, one of the sons of the testatrix, to his share of the rents, profits, dividends, interest, and income of the trust estate within the control of the trustees named in the will. Amasa was a member of the firm of Bailey & Eaton, and it was admitted that the firm, on the 1st of March, 1867, became insolvent, and that they made an assignment of their property to the complainant, and it appears that Amasa, on the same day, made an assignment of all his individual property to the same party for the benefit of his creditors, and that he, on the 24th of December following, was adjudged a bankrupt, and that the complainant was duly appointed his assignee as alleged in the bill of complaint. Prior to that decree there was no question that he was entitled to one fourth of the income of the trust estate, until the death of his sister, and that subsequently to the decree in bankruptcy he was entitled to one third of the income, as it was admitted that she was never married, and that she died childless.

Horatio Rogers and C. S. Bradley, for complainant.

Property left in trust passes to an assignee in bankruptcy. This can be avoided only by an absolute cessor of the bankrupt's interest, and provisions vesting that interest in some other person. Brandon v. Robinson, 18 Ves. 429; Tillinghast v. Bradford, 5 R. I. 205. The provisions of the will are ineffectual for that purpose. 1. Because deficient in its own terms, being but a misapplication of a portion of the usual legal phraseology employed for such purposes. In construing it we can only consider the terms that have been used, and cannot import into it other terms, though usually employed for such purpose. There is no limitation over to any other person or persons of the trust income of the bankrupt accumulating during his life in the absence of wife or children. 2. Because of the discretionary clause by which it was followed and controlled, there being no persons or objects alternative to the bankrupt, in favor of whom, in the absence of wife or children, this discretion can be exercised. Where property is left upon such a discretion as exists in this will it enures to the assignee in bankruptcy. Snowdon v. Dales, 6 Sim. 524; Green v. Spicer, 1 Russ. & M. 395; Kearsley v. Woodcock, 3 Hare, 185; Page v. Way, 3 Beav. 20; Lord v. Bunn, 2 Younge & C. 98; Younghusband v. Gisborne, 1 Colly. 400; Davidson v. Chalmers, 33 Beav. 653, 12 Wkly. Rep. 592; Wallace v. Anderson, 16 Beav. 533; Graves v. Dolphin, 1 Sim. 66; Piercy v. Roberts, 1 Mylne & K. 4; Bryan v. Knickerbacker, 1 Barb. Ch. 409; 11 Byth. Prec. (3d Ed.) 486, note a; Id. 711-713, and forms referred to; Pym v. Lockyer, 12 Sim. 394; Rippon v. Norton, 2 Beav. 63. Any discretion that has been or that may be exercised by the trustees under Mrs. Eaton's will in favor of the bankrupt, must enure to the assignee in bankruptcy. At least the interest of the bankrupt, under his mother's will, after his bankruptcy, is but a conditional estate. Bankrupt Act, § 14 [14 Stat. 522]; James' Bankrupt Law, 41, tit. "Conditional Estates"; 11 Byth. Prec. (3d Ed.) 486, note a; Lord v. Bunn, 2 Younge & C. 98; Davidson v. Chalmers, 33 Beav. 653; and other cases cited supra. The discretion has been exercised in favor of the bankrupt and is binding. Bryan v. Knickerbacker, 1 Barb. Ch. 409. An agreement for its exercise was made and is binding. The peculiar circumstances of this case make the doctrine applicable.

Samuel Currey and B. R. Curtis, for respondent.

Before CLIFFORD, Circuit Justice, and KNOWLES, District Judge.

CLIFFORD, Circuit Justice. Assignees in bankruptcy are chosen by the creditors of the bankrupt; and it is made the duty of the judge—or, where there is no opposing interest, by an assignment under his hand—to assign and convey to the assignee all the estate, real and personal, of the bankrupt, with all his deeds, books, and papers relating thereto. And the provision is that such assignment shall relate back to the commencement of the proceedings in

bankruptcy, and that the title to all such property and estate, both real and personal, shall, by operation of law, vest in said assignee; and the further provision is that the assignee shall have like remedy to recover all said estate, debts, and effects in his own name, as the debtor might have had if the decree in bankruptcy had not been rendered and no assignment had been made. 14 Stat. 522–524.

Assignees in bankruptcy, except in cases of fraud, take only such rights and interests as the bankrupt had and could himself claim and assert at the time of the bankruptcy, and they are affected with all the equities which would affect the bankrupt himself if he were asserting those rights and interests. Mitchell v. Winslow [Case No. 9,673]; Brown v. Heathcote, 1 Atk. 162; Mitford v. Mitford, 9 Ves. 100; 1 Jarm. Wills, 816; Hall v. Gill, 10 Gill. & J. 325.

Much discussion of that proposition is unnecessary, as it is conceded by both parties, and is supported by the highest authority. Tested by that rule, the question is, whether the bankrupt, at the date of filing his petition in bankruptcy, had any vested interest in the estate of his mother under her will, which must depend upon the construction of the principal proviso, to which reference will now be made. It is as follows: "Provided also that, if my said sons respectively should alienate or dispose of the income to which they are respectively entitled under the preceding trusts; or if, by reason of the bankruptcy or insolvency of my said sons respectively, or by any other means whatsoever, the said income can no longer be personally enjoyed by my said sons respectively, but the same or any part thereof shall, or but for this present provision would, belong to, or become vested in or payable to, some other person or persons,—then the trusts hereinbefore expressed concerning the said income, or so much thereof as should or would have so become vested in or payable to any person or persons other than my said sons respectively as aforesaid, shall immediately thereupon cease and determine. And the said income shall be applied by my said trustees during all the then residue of the life of my said sons respectively in manner following, that is to say, upon trust to pay and apply the said income, or such part thereof as aforesaid, to and for the support and maintenance, or otherwise for the use and benefit, of the wife, child, or children, for the time being, of my said sons respectively, or such one or more of such wives, child, or children, and in such manner as my said trustees in their discretion shall think proper, and as to such wife for her sole and separate and inalienable use; and in default of any object of the last-mentioned trust, at any period during the life of my said sons respectively, and when and so often as the same shall happen, then, upon trust, from time to time, so long as such vacancy or want of objects shall continue, to accumulate and invest the income aforesaid in augmentation of the principal or capital thereof in the nature of compound interest, with power of changing investments as hereinbefore expressed; and in case, at any time, such accumulation should cease to be lawful, then, upon trust, to apply the said annual produce and income, or such part thereof as may not legally be accumulated during said want of objects as aforesaid, in such and the like manner as the same would be applicable under the ulterior trust of this my will."

Fraud cannot be imputed to the testatrix, as the estate was her own, which she was at liberty to give or not to her children as she saw fit; and, inasmuch as the bankrupt never had any interest in it other than what is devised to him by the will, it is clear that his assignee acquired nothing by virtue of the assignment except the interest which vested in the debtor at the time he filed his petition in bankruptcy. Nothing certainly vested in him except what was devised; and the nature and extent of the devise must be controlled by the intent of the testatrix as expressed in the will, unless the intent is one in violation of law. Apply that rule to the case and it is as clear as anything can be that the estate devised to the son, in the income of the trust-fund, ceased and was determined at the bankruptcy of the devisee. No other conclusion can be reached, as the testatrix so declares in express words; and she further provides an entirely new direction for such share of the income, giving it to the wife or wives of such son or sons, in the discretion of the trustees, empowering them, if they see fit, to exclude from any share of such income the wife and children of any such bankrupt son; and if those objects of the trust should fail, the provision is that such portion of the income shall go to the trustees, to accumulate as a portion of the ulterior trust of the will. Such a provision in a will is valid, as is settled by numerous authorities not open to question. Brandon v. Robinson, 18 Ves. 433; Cooper v. Wyatt, 5 Madd. 297; Rochford v. Hackman, 10 Eng. Law & Eq. 67; 2 Story, Eq. Jur. § 974, and Id. p. 285.

Cases may be found undoubtedly where doubts have been expressed whether the provision that the estate shall be determined by the bankruptcy of the legatee is sufficient to accomplish the object unless the will goes further and provides for the future disposition of the estate; but no such question arises in the case before the court, as the will contains a provision which entirely obviates the force of any such suggestion.

Satisfactory explanations upon this point will be found in the case of Rochford v. Hackman, 10 Eng. Law & Eq. 67, to which reference is made for the purpose.

Where trustees under a will have a discretion as to the manner of the application of the trust-fund for the benefit of a par-

ticular person, but no power to apply it otherwise than for his benefit during his life, his interest in case of bankruptcy passes to his assignee; but the case before the court is entirely of a different character, as his life-estate is expressly determined by the act of bankruptcy, and the trustees are expressly empowered to make a different disposition of the income, showing that the case is controlled by the general rule established by the prior authorities. Green v. Spicer, 1 Russ. & M. 395.

Enough has been remarked to show that it was the intent of the testatrix that the life-interest given to the son should cease and be determined by his bankruptcy; but the complainant contends that the provisions of the will are insufficient to prevent the estate from vesting in the bankrupt and from passing from him to his assignee, for two reasons, which deserve a separate consideration:

Because, as he contends, "there is no limitation over to any other person of the trust income of the bankrupt, accumulating during his life in the absence of wife or children." But such, in the judgment of the court, is not the effect of the limitation expressed in the will. On the contrary, it does pass the income from the bankrupt into the control of the trustees for the benefit, at the trustees' discretion, of the wife or children of one or more of the sons; and if those objects fail, the trustees are expressly required to retain the income to accumulate and pass, after the death of the sons, under the ulterior trusts of the will. Nothing is to go to the bankrupt under the provision in any event, nor is he to acquire any right to any portion of the same, but he is absolutely barred therefrom by the express words of the clause.

Concede that, still it is contended by the complainant that the discretionary clause subsequently found in the will, vests in the bankrupt some interest in or claim to a portion of the income of the trust-estate, which by operation of law passed to his assignee under the instrument of assignment executed agreeably to section 14 of the bankrupt act. By that clause it is declared that it shall be lawful for the trustees in their discretion, but without its being in any manner obligatory upon them, in case at any future period circumstances should exist which in their opinion should justify or render expedient the placing at the disposal of the donees respectively any portion of the real and personal estate, to transfer absolutely to them respectively, for his or her own proper use and benefit, any portion, not exceeding one half, of the trust-fund from whence his or her share of the income under the preceding trusts shall accrue; and immediately upon such transfer being made, the trusts hereinbefore declared concerning so much of the trust-fund shall absolutely cease and determine. Appended to that clause also is the following provision: "And in case, after the cessation of said income as to my said sons respectively otherwise than

by death, as hereinbefore provided for, it shall be lawful for my said trustees, in their discretion, but without its being obligatory upon them to pay to or apply for the use of my said sons respectively, or for the use of such of my said sons and his wife and family, so much and such part of the income to which my said sons respectively would have been entitled under the preceding trusts in case the forfeiture hereinbefore provided for had not happened." Obviously, in construing that provision, it must be assumed throughout that all the rights which the bankrupt had before that time enjoyed under the will were determined by the bankruptcy. All such rights being determined, the only question is, whether he acquired any new rights under that clause, or, in other words, whether the clause vested in the bankrupt any property interest in the income of the trust-fund. Carefully examined, the language found in the will is very precise and expressive in its legal effect, so much so that it may be said to speak its own construction. It is as follows: "In case, after the cessation of said income as to my said sons respectively otherwise than by death, as hereinbefore provided for, it shall be lawful for my said trustees, in their discretion, but without its being obligatory upon them, to pay or apply for the use of my said sons respectively, or for the use of such of my said sons and his wife and family, so much and such parts of the income to which my said sons respectively would have been entitled under the preceding trusts in case the forfeiture hereinbefore provided for had not happened." Under that clause, no right whatever vested in the bankrupt to any portion of the income which he could enforce in any court of law or equity. Such a claim cannot be recognized by any court, as the property is held by the trustees under the limitations in case of bankruptcy provided in the antecedent clause, and could not pass under those limitations unless some portion of it was paid to, or applied for, the use of the bankrupt or his wife and children by the trustees, in their discretion, it being expressly declared by the testatrix that no obligation is imposed upon the trustees to pay any sums to him or them, or to apply a dollar in that direction, the provision being that it is lawful in the contingency described, for the trustees to do so, but without its being obligatory, showing that it is a mere naked power in the trustees which vested nothing, either in the bankrupt or his wife and children, which either he or they could enforce under any circumstances. Courts cannot adjudge under that language that such an appropriation is obligatory,—that by it the trustees are compellable to allow a portion of the fund for the use of the bankrupt or his wife and children, as the will provides that it shall not be obligatory upon them to make any such appropriation, and it is not competent for the court to alter the will or to make a new one for the decedent.

Properly construed, it is clear that these words confer upon the trustees a power to be exercised or not, in their discretion, and one which, if exercised, exonerates them from liability for not applying such portion of the income under the limitations declared in the antecedent clause; but it is equally clear that the limitations declared in the prior clause must control their action in respect to the whole fund, unless some portion of it is withdrawn from those limitations by the exercise of that discretionary power.

Different rules apply where an absolute trust is created for the benefit of a party, his wife and family; but a discretion is vested in the trustees as to the time and manner of executing the same, or of apportioning the amount among the beneficiaries entitled to receive the income or fund, as it is well held in that class of cases that a right of property vests in the bankrupt beneficiary, and that such right of property will pass to his assignee. Such a party is entitled to something, and, having a valid claim for it, his interest passes by the instrument of assignment; but in the present case the bankrupt is not entitled to anything as matter of right, as the power to grant or withhold rests entirely in the discretion of trustees. They may give or withhold, in their discretion; and if they refuse to pay anything, or to apply any portion of the fund to such a use, neither the bankrupt nor his wife and children have any claim upon them for the income, or for any damages for refusing to exercise the power. Perry, Trusts, 453, 454.

Property in trust, it is conceded, may not pass to an assignee in bankruptcy in a case where the will provides that in that event there shall be an absolute cessor of the bankrupt's interest, if the will contains a provision that his interest shall in that event vest in some other person. Tillinghast v. Bradford, 5 R. I. 205; Dommett v. Bedford, 3 Ves. 149; Joel v. Mills, 3 Kay & J. 458; Rochford v. Hackman, 9 Hare, 475.

But the complainant insists that where property is left upon such a discretion as exists in the will under consideration, it passes to the assignee in bankruptcy. Provisions of various kinds have been framed by conveyancers to effect such an object as that contemplated by the testatrix in this case, that is, that the trusts expressed in the will respecting the income of the life estate shall cease and determine by reason of the bankruptcy of the beneficiary or donee; and a learned author expresses the opinion that the only mode of effectuating the object, often anxiously entertained by donors, of securing the corpus of the property against the acts of the donee himself and the claims of his creditors, is to invest a third person with a discretionary power either to give or withhold it as he may think best. in short to defer absolutely all proprietary interest in the intended object of bounty until its application to his use, by the testator's nominee, and ultimately to give to another what remains so unapplied at the decease of the devisor. Evidently every one of these conditions was adopted in the will in question to the very letter, and it is equally clear that the defence is fully supported by that authority. Hayes & J. Wills (7th Ed.) 199.

Forms for such a provision in a will are given by conveyancers of the highest repute, and those forms have the sanction of a learned annotator. 11 Byth. Prec. (3d Ed.) 713. Exactly the same views are expressed by Mr. Jarman in his work on Wills, in which he says, "The vesting in trustees of a discretion as to the mode in which income is to be applied for the benefit of a cestui que trust does not take it out of the operation of bankruptcy or insolvency, to effect which the discretion of the trustees must extend not merely to the manner of applying the income for the benefit of the cestui que trust, but also to the enabling them to apply it either for his own benefit or for some other purpose." 1 Jarm. Wills (2d Am. Ed.) 821.

By making the payment of an annuity depend upon the discretion or will of a third person, says Mr. Atherly, no disposition can be made of it, nor can it be come at by creditors either at law or in equity, but then the payment of the annuity depending upon the mere pleasure of the trustee, the cestui que trust has no certain ascertained interest in it, which is the exact description of the case before the court. Atherly on Marriage Settlements, 333. Opposed to these views are the remarks of the annotator in Hayes and Jarman on Wills in which he says "that according to a recent case in order to exclude the claim of the assignees in bankruptcy, the power should be made incapable of being exercised in favor of the bankrupt after such event, or in other words the property should in bankruptcy be absolutely given over to another in like manner as at death." Reference is made to the case of Piercy v. Roberts, 1 Mylne & K. 4, as authority for the doctrine, but the case cited in the judgment of the court affords no support whatever to the views expressed by the annotator. In that case £400 were devised in trust to the executors to apply and dispose of, for the sole use and benefit of the son of the testatrix in such manner as the executors should in their discretion think best, and in the case of the death of the son before the whole fund was exhausted, the balance not applied was to become a part of the residuary estate of the testatrix. Insolvency of the son followed before the sum was applied to his use, and the master of the rolls held that the bankruptcy of the son terminated the discretion of the executors and that the unapplied balance vested in the assignee. Later cases such as Twopeny v. Peyton, 10 Sim. 487, and Wallace v. Anderson, 16 Beav. 536, seem to deny that the discretion of the trustees ceases in all cases of bankruptcy. but it is not necessary to decide that point in the present case, as the pro-

visions of the will in question differ widely from the clause under revision in the case of Piercy v. Roberts, where it is clear there was an absolute trust established by the will in favor of the son, and the only discretion vested in the executors was as to the amount they should apply and the time and manner of directing the application. Perry notices this distinction in his valuable work on Trusts, nor is there anything in the case of Piercy v. Roberts, which affords any countenance whatever to the proposition that the trustees must be made incapable of exercising the discretion in favor of the bankrupt, in order to prevent the fund from passing to the assignee so long as the power conferred is a mere discretionary power to be exercised or not as they shall see fit, as it is clear that such a mere naked power does not carry with it any vested right in the donee which can be enforced in a court of law or equity.

Attempt was made to show that the trustees, in the exercise of their discretion, had applied a certain portion of the life interest of the trust-fund for the use of the bankrupt legatee, and the argument is that such portion of that fund as was not expended at the time the petition in bankruptcy was filed, passed to the assignee, but the court is of the opinion that the proofs do not sustain the proposition that anything so applied remained unexpended when the petition in bankruptcy was filed, which is all that need be remarked in answer to that suggestion.

Other propositions were discussed at the bar, but having determined that the bankrupt had no estate which could pass to his assignee, it is not necessary to examine the other issues between the parties. The bill of complaint is dismissed with costs.

[On appeal to the supreme court, the decree of this court was affirmed. 91 U. S. 716.]